ADAMS, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| CRAIG T. CONLEY, | ) | CASE NO.  5:05 CV 2338 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | <u>MEMORANDUM OF OPINION</u> |
| ANTHONY R. MARTIN, | ) | <u>AND ORDER</u> |
| | ) | [RESOLVING DOCS. 3, 5, 6, 7, and 10] |
| Defendant. | ) | |

This action is before the Court upon plaintiff's Motion to Remand (Doc. 3).  For the reasons that follow, the Court will remand the above-entitled action to state court.

This action is also before the Court upon plaintiff's Motion for Default Judgment (Doc. 5).

Furthermore, this action is before the Court upon defendant's Motion for Extension of Time to Answer or Otherwise Plead (Doc. 6).  The Court has reviewed the memorandum in support and memorandum in opposition (Doc. 8).

This action is before the Court upon defendant's Motion for Extension of Time and to Require Certified Mail Service of Process (Doc. 7).  The Court has reviewed the memorandum in support and memorandum in opposition (Doc. 9).

Finally, this action is before the Court upon plaintiff's Motion for Sanctions (Doc. 10) pursuant to Fed. R. Civ. P. 11(c).  The Court has reviewed the memorandum in support and plaintiff's submissions of supplemental authority (Docs. 11, 12, 13, and 14).

I.

On September 23, 2005, plaintiff Craig T. Conley filed a complaint against Anthony R. Martin aka Anthony R. Martin-Trigona aka Andy Martin ("Martin") in the Stark County, Ohio Court of Common Pleas, being Case No. 2005CV03220. The complaint seeks a declaration that Martin is a vexatious litigator pursuant to Ohio Rev. Code § 2323.52. An amended complaint was filed on September 28, 2005. On October 3, 2005, Martin removed the case to this Court.

II.

Section 1441, 28 U.S.C., which governs civil actions removable from state court generally, provides, *inter alia*, that such removal may only occur when a federal court has original jurisdiction of the matter. Although this Court probably has jurisdiction of the action on the basis of diversity of citizenship because plaintiff is a citizen of Ohio while defendant is a citizen of Illinois,[1] the Court does not reach that issue because it holds that Martin did not comply with the nationwide permanent injunction in *Martin-Trigona v. Lavien* (*In re Martin-Trigona*), 592 F.Supp. 1566 (D.Conn. 1984), *aff'd*, 763 F.2d 140 (2nd Cir. 1985), *cert. denied*, 474 U.S. 1061 (1986). *But see* Order and Opinion (Doc. 5) at 19 in *Suarez Corp. v. Martin*, Case No. 5:05CV0696 (N.D. Ohio April 15, 2005) (J. Gwin) ("the permanent injunction does not apply to deprive Defendant Martin of the ability to remove this case to federal court").

The court takes notice of the fact that Anthony R. Martin aka Anthony Martin-Trigona aka Andy Martin has previously been enjoined from filing actions in federal courts without seeking and obtaining appropriate leave of court. That injunction prohibited Martin from

---

[1]*See* Doc. 59 at 3, filed by Martin in *Suarez Corp. v. Martin*, Case No. 5:05CV0696.

initiating "any new lawsuit, action, proceeding, or matter in any federal court, agency, tribunal, committee, or other federal forum of the United States . . . without first obtaining leave of that court, agency, tribunal, committee, or other forum." *In re Martin-Trigona*, 592 F.Supp. at 1571; *see also Suarez Corp. v. Martin*, No. 05-4597, slip op. (6th Cir. Feb. 7, 2006) (appeal dismissed because Martin did not comply with the nationwide permanent injunction). Martin did not file an application for leave to file a notice of removal in the case at bar. Further, the Notice of Removal (Doc. 1) in this case is patently frivolous.

Federal courts have both the inherent power and constitutional obligation to protect their jurisdiction from conduct which impairs the ability to carry out Article III functions. *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986). Moreover, this Court has the responsibility to prevent litigants from unnecessarily encroaching on judicial machinery needed by others. *Id.* To achieve these ends, the United States Court of Appeals for the Sixth Circuit has approved enjoining vexatious and harassing litigants by requiring them to obtain leave of court before submitting additional filings. *Filipas v. Lemons*, 835 F.2d 1145 (6th Cir. 1987); *Wrenn v. Vanderbilt Univ. Hosp.*, Nos. 94-5453, 94-5593, 1995 WL 111480 (6th Cir. Mar. 15, 1995) (authorizing a court to enjoin harassing litigation under its inherent authority and the All Writs Act, 28 U.S.C. § 1651(a) (citations omitted)).[2]

---

[2]Other circuits have endorsed enjoining these types of filers. *See Day v. Allstate Ins. Co.*, 788 F.2d 1110 (5th Cir. 1986); *Cotner v. Hopkins*, 795 F.2d 900 (10th Cir. 1986); *Procup v. Strickland*, 792 F.2d 1069 (11th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221 (9th Cir. 1984); *In re Martin-Trigona*, 763 F.2d 140 (2nd Cir. 1985); *In re Green*, 669 F.2d 779 (D.C. Cir. 1981) (*per curiam*); *Green v. Warden*, 699 F.2d 364 (7th Cir. 1983), *cert. denied*, 461 U.S. 960 (1983); *Green v. White*, 616 F.2d 1054 (8th Cir. 1980) (*per curiam*); *Gordon v. Dep't of Justice*, 558 F.2d 618 (1st Cir. 1977); *Gambocz v. Yelencsics*, 468 F.2d 837 (3d Cir. 1972).

Martin has established a decades-long pattern of filing matters which are patently frivolous and vexatious, and which appear calculated to harass the courts and abuse the judicial process. Accordingly, Anthony R. Martin aka Anthony R. Martin-Trigona aka Andy Martin is permanently enjoined from filing any new lawsuits or other documents in this Court without seeking and obtaining leave of court in accordance with the following:

> 1. He must file a "Motion Pursuant to Court Order Seeking Leave to File" with any document he proposes to file and he must attach a copy of this Memorandum of Opinion and Order to it (**any such motion should be filed by the Clerk in a <u>miscellaneous case</u>**).
>
> 2. As an exhibit to any motion seeking such leave, he must also attach a declaration which has been prepared pursuant to 28 U.S.C. § 1746 or a sworn affidavit certifying that (1) the document raises a new issue which has never been previously raised by him in this or any other court, (2) the claim or issue is not frivolous, and (3) the document is not filed in bad faith.
>
> 3. By means of a second exhibit, he must identify and list: (a) the full caption of each and every suit which has been previously filed by him or on his behalf in any court against each and every defendant in any new suit he wishes to file and (b) the full caption of each and every suit which he has currently pending.
>
> 4. As a third exhibit to the motion, he must provide a copy of each complaint identified and listed in accordance with the foregoing paragraph 3 and a certified record of its disposition.

The Court may deny any motion for leave to file if the proposed document is frivolous, vexatious or harassing. If the motion is denied, the document shall not be filed. Further, Martin's failure to comply with the terms of this Order shall be sufficient ground for this Court to deny any motion for leave to file, and may be considered an act of contempt for which he may be punished accordingly.

Furthermore, to prevent further harassment of the Court by the defendant and the waste

4

of this Court's limited resources, the Clerk's Office is hereby ordered as follows:

(1)  Any document submitted by Martin prior to his obtaining leave to file shall not be filed unless it is <u>specifically identified</u> as a "Motion Pursuant to Court Order Seeking Leave to File," and unless it contains:  1) an affidavit or sworn declaration as required by this Order; 2) a copy of this Memorandum of Opinion and Order; and, 3) the exhibits required by this Memorandum of Opinion and Order.

(2)  The Clerk's Office shall not accept any filing fees, cover sheets, *in forma pauperis* applications, summonses, U.S. Marshal Forms, or fees in connection with any Motion Pursuant to Court Order Seeking Leave to File which Martin files, unless and until leave is granted.

III.

Plaintiff's Motion to Remand (Doc. 3) is GRANTED.

Defendant's Motion for Extension of Time to Answer or Otherwise Plead (Doc. 6) is GRANTED.  Martin shall answer the Amended Complaint or present the other defenses or objections available under the Ohio Rules of Civil Procedure within 5 days after the filing of the Order of Remand.

Plaintiff's Motion for Default Judgment (Doc. 5) is DENIED AS MOOT.

Defendant's Motion for Extension of Time and to Require Certified Mail Service of Process (Doc. 7) is DENIED.

Plaintiff's Motion for Sanctions (Doc. 10), filed on **November 10, 2005**, is DENIED. The Court will deny the motion because in *Suarez Corp. v. Martin* the plaintiffs argued that Martin's notice of removal should have been dismissed because he is permanently enjoined from initiating actions in federal court, and they asserted that removing the case initiated a new

lawsuit. District Judge Gwin concluded that "Plaintiffs' argument fails." Order and Opinion (Doc. 5) at 18 in *Suarez Corp. v. Martin*, Case No. 5:05CV0696 (N.D. Ohio **April 15, 2005**). The undersigned, having reached a contrary conclusion--that the case at bar should be remanded to the state court from which it was removed--will not sanction Martin for removing this case without seeking and obtaining appropriate leave of court.

IV.

The Court will remand the case to the Stark County, Ohio Court of Common Pleas pursuant to 28 U.S.C. § 1447(c). Further, in accordance with the foregoing, Anthony R. Martin aka Anthony R. Martin-Trigona aka Andy Martin is enjoined from filing any further documents in this Court without appropriate leave.

    IT IS SO ORDERED.

| | |
|---|---|
| September 29, 2006 | */s/ John R. Adams* |
| Date | John R. Adams |
| | U.S. District Judge |